**Ludys NINO, Plaintiff–Appellee,**

v.

**Oliver DOENGES and Andres Sanchez, Defendants–Appellants.**

**15-3530**

United States Court of Appeals, Second Circuit.

October 31, 2016

FOR APPELLANTS: VALERIE MAZE KEENEY, Town of Greenwich, Greenwich, Connecticut.

FOR APPELLEE: JOHN R. WILLIAMS, New Haven, Connecticut.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Two Greenwich police officers bring an interlocutory appeal from the ruling of the United States District Court for the District of Connecticut (Hall, C.J.) denying their motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We dismiss the appeal because we lack jurisdiction to decide, on interlocutory appeal, whether a dispute of material fact is genuine.

We must consider our appellate jurisdiction sua sponte even when uncontested by the parties. Bolmer v. Oliveira, 594 F.3d 134, 140 (2d Cir. 2010). Typically, this Court lacks jurisdiction to review the denial of a motion for summary judgment because the denial of such a motion is not a final judgment. See 28 U.S.C. § 1291; Jones v. Parmley, 465 F.3d 46, 54 (2d Cir. 2006). In qualified immunity cases, however, we may decide interlocutory appeals when defendants argue that they are entitled to immunity either on a set of undisputed facts or on plaintiff's version of the facts. Salim v. Proulx, 93 F.3d 86, 90 (2d Cir. 1996). In contrast, we may not decide interlocutory appeals about qualified immunity which turn on whether a dispute of fact is "genuine" enough to preclude summary judgment. Bolmer, 594 F.3d at 140–41.

The police officers argue that the evidence in their favor was so substantial at summary judgment that there was no genuine dispute as to whether the plaintiff consented to a search of her house. But that is precisely the kind of argument we cannot consider until there has been a final judgment, and the police officers' appeal must therefore be dismissed for lack of jurisdiction. See, e.g., Salim 93 F.3d at 90–91.

For the foregoing reasons, and finding no merit in the police officers' other arguments, we hereby **DISMISS** the appeal.